AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

*December 20, 2019*

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Victor Ricardo CAMACHO | ) Case No. | **4:19mj2371** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   December 19, 2019   in the county of   Fort Bend   in the
  Southern   District of   Texas  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C., Section 922(k) | The Defendant did knowingly possess a firearm, that is a Barrett .50 caliber BMG rifle with a removed, obliterated or altered serial number, and said firearm had been shipped and transported in interstate or foreign commerce. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Nathaniel Adibi, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   12/20/2019

*Judge's signature*

Peter Bray, U.S. Magistrate Judge
*Printed name and title*

City and state:   Houston, Texas

## Attachment A

### AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Nathaniel Adibi, a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), duly sworn, depose and state the following:

1. I am a Special Agent with ATF, employed by the agency for approximately six years. During this time, I have conducted and participated in numerous investigations concerning the illegal possession of firearms, federal controlled substance conspiracy laws, and the commission of violent crimes.

2. During my employment as an ATF Special Agent, I have received specialized training in, and personally participated in, various types of investigative activity. These activities include, but are not limited to: physical surveillance, debriefing defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal firearms laws, undercover operations, the execution of search warrants, the consensual monitoring and recording of conversations, electronic surveillance with pen registers, and trap and trace devices, the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps), and the handling and maintenance of evidence.

3. This affidavit is made for the limited purpose of establishing probable cause in support of a criminal complaint alleging that **Victor Ricardo CAMACHO** unlawfully possessed a firearm which had the importer's or manufacturer's serial number removed, obliterated or altered, in violation of Title 18 United States Code § 922(k). Since this affidavit is for the limited purpose of establishing probable cause to support the criminal complaint, it contains only a summary of relevant facts. I have not included every fact known to me concerning the entities, individuals, and the events described in this affidavit.

4. I base this affidavit, in part, on my personal participation in this investigation, from information provided to me by other law enforcement Deputies, the review of consensually monitored and/or recorded conversations, criminal history records maintained by various law enforcement agencies, the National Criminal Information Center ("NCIC"), and the training and experience of myself and other law enforcement agents and Deputies.

5. On or about December 19, 2019, K-9 Deputy Daniel Tondera with the Fort Bend County Narcotics Task Force clocked, via radar, a black Nissan Maxima bearing Texas registration MSF 9060, traveling 74 miles per hour in a 55 mile per hour zone. Deputy Tondera initiated a traffic stop on the vehicle. While on the stop and speaking with the driver of the vehicle, Victor **CAMACHO**, identified by his Texas driver's license, Deputy Tondera noticed, based off his training and experience, **CAMACHO** being

deceptive with regards to his purpose, origin, and destination in regards to his trip. It was during this time that Deputy Tondera also noticed a second occupant within the vehicle, the mother of **CAMACHO's** child, Lucila BANDA. Due to **CAMACHO** being noticeably deceptive, Deputy Tondera asked **CAMACHO** to search his vehicle, which he replied, no.

6. Deputy Tondera asked **CAMACHO** if he could search his vehicle. **CAMACHO** did not give permission for the search, however, due to possible presence of illegal contraband and **CAMACHO's** nervous behavior, Deputy Tondera and his K-9 "Gaz" conducted a free air sniff around the exterior of the vehicle. During this free-air sniff, Deputy Tondera noticed a justifiable noticeable difference in "Gaz's" behavior, at which time he began tracing the odor of contraband to source, coming to final response on the driver's rear door seam and handle. Due to this final response, Deputy Tondera began a probable cause search of the vehicle, ultimately locating a disassembled Barrett .50 caliber BMG rifle with removed/obliterated/altered serial numbers in the trunk of the vehicle. Deputy Tondera lastly asked **CAMACHO** about drug use. **CAMACHO** subsequently admitted to prior use of marijuana and being around associates that recently used marijuana. Deputy Tondera subsequently took **CAMACHO** and BANDA into custody and contacted ATF Special Agent (SA) Adibi regarding the firearm.

7. Affiant and ATF SA James Settelen immediately responded to the location where **CAMACHO** and BANDA were detained – 231 Legion Drive, Richmond, Texas 77469. SA's Adibi and Settelen provided both **CAMACHO** and BANDA their Miranda rights prior to speaking with them. Both parties agreed to speak with law enforcement without counsel present. BANDA stated the black Nissan is registered to her, however, she was unaware of any firearms in the vehicle and it is not hers. BANDA also stated **CAMACHO** left her today at approximately 10:00am with the vehicle to run errands.

8. During the interview with **CAMACHO** he admitted to Affiant and Settelen that he purchased the .50 caliber Barrett, which, according to ATF Special Agent NEXUS expert Alex Johny, was manufactured outside the State of Texas and therefore was transported in interstate or foreign commerce, on December 19, 2019 for $6,000.00 from a friend. **CAMACHO** also stated he was aware the serial numbers on the firearm were removed/obliterated at the time of the purchase and that he had knowledge that possessing a firearm with an obliterated serial number was illegal.

9. Based on your affiant's training and experience, and the information gathered by the investigating agents, your affiant believes there is probable cause for the arrest of Victor **CAMACHO.** Your affiant respectfully requests a complaint authorizing the arrest of Victor **CAMACHO** for knowingly possessing a firearm with a removed, obliterated or altered serial number, in violation of Title 18 United States Code § 922(k).

Respectfully Submitted,

_____
Nathaniel Adibi, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on December 20, 2019

_____
PETER BRAY
UNITED STATES MAGISTRATE COURT JUDGE
SOUTHERN DISTRICT OF TEXAS