IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CASE NO. 4:20-CR-00026-2 |
| VICTOR RICARDO CAMACHO | § § § | |

**DEFENDANT'S OPPOSED MOTION TO SUPPRESS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Victor Ricardo Camacho, Defendant, in the above styled and numbered cause and moves for the suppression and exclusion of all evidence, physical and testimonial, obtained or derived from or through or as a result of an unlawful search, seizure, interrogation, arrest, and detention.

## I. INTRODUCTION

On or about December 19, 2019 Mr. Camacho was stopped and detained by Fort Bend County Narcotics Task Force officer Daniel Tondera for a speeding violation. The task force officer contends that Mr. Camacho "displayed a cluster of problematic behavior that was different from and his baseline" and therefore asked to search his vehicle. Mr. Camacho did not consent to to the search. A canine was used to sniff around the car and passively alerted to the presence of drugs. The search did not yield any narcotics but did lead to the discovery of a .50 caliber rifle with an obliterated serial number in the trunk of vehicle.

## II. CHARGES

Mr. Camacho stands charged with the following offenses:

Count 1: Aiding and abetting false statement on an ATF 4473 Form in violation of Title 18, United States Code, Section 924(a)(1)(A) and 2.

Count 2:   Aiding and abetting false statement on an ATF 4473 Form in violation of Title 18, United States Code, Section 924(a)(1)(A) and 2.

Count 3:   Possession of a firearm with an obliterated serial number in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

Count 4:   Aiding and abetting the exportation of firearms in violation of Title 18, United States Code, Section 554(a) and Section 2.

### III. ARGUMENT

This Court should suppress all evidence that resulted from search and seizure at issue because law enforcement obtained the evidence through violations of the Fourth Amendment. Because Mr. Camacho's initial frisk, search and seizure was effectuated without a warrant, the government bears the burden of proving that it was legal. *Hayes v. Florida*, 470 U.S. 811 (1985); *Florida v. Royer*, 460 U.S. 491, 500 (1983); *United States v. Allen*, 629 F.2d 51, 55 (D.C. Cir. 1980). *See also Katz v. United States*, 389 U.S. 347 (1967); *Henry v. United States*, 361 U.S. 98 (1958). Warrantless searches and seizures, like the instant one, "are per se unreasonable ... subject only to a few specifically established and well delineated exceptions. *Katz v. United States*, 389 U.S.347, 357 (1967)

**a. The traffic stop**

Traffic stops must be justified by reasonable suspicion under the Fourth Amendment. *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). The stop must be "(1) 'justified at its inception'; and (2) 'reasonably related in scope to the circumstances which justified the interference in the first place.'" *Id. (quoting Terry v. Ohio*, 392 U.S. 1, 19-20 (1968)).

With regards to the first prong, the Fort Bend Sheriff that initiated the stop contends that Mr. Camacho was observing the flow of traffic on U.S. 59 SB when he observed a Black Nissan

traveling in the fast lane traveling at a high rate of speed. His offense report states he caught up to the vehicle and activated his front radar which showed a speed of 74 mph. Mr. Camacho is not contesting the initial stop.

### b. The warning citation for speeding

Under the second prong, the "detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Id. (quoting United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004) (en banc)). During a stop, an officer may "examine the driver's license and registration," "run a computer check," and "ask the driver about the purpose and itinerary of his trip." *Id*. at 430-31. O]nce all relevant computer checks have come back clean, there is no more reasonable suspicion, and, as a general matter, continued questioning thereafter unconstitutionally prolongs the detention." *U.S. v. Lopez–Moreno*, 420 F.3d 420, 431 (5th Cir. 2005).

Though this "inquiry may be wide-ranging, once all relevant computer checks have come back clean, there is no more reasonable suspicion," and the stop must end unless "additional reasonable suspicion arises . . . before the initial purpose of the stop has been fulfilled." *Id*. at 431. At this stage, "the relevant question in assessing whether a detention extends beyond a reasonable duration is whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly." *Brigham*, 382 F.3d at 511 (citation omitted). The reasonable suspicion standard "falls considerably short of satisfying a preponderance of the evidence standard" and instead looks to whether the "totality of the circumstances" creates a reasonable suspicion of criminal activity. *United States v. Arvizu*, 534 U.S. 266, 274 (2002) (*citing United States v. Sokolow*, 490 U.S. 1, 7 (1989)).

An officer's "ordinary inquiries incident to the traffic stop" include those that task force officer Tondera carried out: checking the driver's license, looking for outstanding warrants, or inspecting the vehicle's registration. *Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015) (quotation omitted). "A dog sniff, by contrast, is a measure aimed at detecting evidence of ordinary criminal wrongdoing." *Id*. (quotation omitted). "[A] dog sniff, unlike the routine measures just mentioned, is not an ordinary incident of a traffic stop." *Id*.

Here, the officer's questions went beyond the "ordinary inquiries" and the dog-sniff did not result in probably cause.

## IV. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the Defendant respectfully requests that this court suppress all evidence obtained during or as a result of the unlawful search and seizure. In the alternative, this Court should order an evidentiary hearing to determine whether to grant this Motion to Suppress.

Respectfully Submitted,

*/s/ Eddie Lucio*
Eddie Lucio
State Bar No. 00791145
Federal Id. No. 22009
834 E Tyler St.
Brownsville, Texas 78520
(956) 546-9400
(956) 750-8807 Facsimile
Email: elucio@luciolaw.com
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on June 8, 2021 a true and correct copy of the *Defendant's Motion to Suppress* was delivered to the involved parties, by the CM/ECF system.

*/s/Eddie Lucio*
Eddie Lucio

**CERTIFICARE OF CONFERENCE**

This is to certify that on the 7th day of June 2021, I have conferred with opposing counsel, Jennifer Christine Stabe, and she opposes to this Motion to Suppress.

*/s/Eddie Lucio*
Eddie Lucio